UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>         Plaintiff,<br><br>    v.<br><br>THE PRESIDENT OF THE US,<br><br>         Defendant. | No. 2:25-cv-01731-DC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration including a statement of income and assets and stating an inability to pay the costs of these proceedings. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted and recommends this action be dismissed without leave to amend.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
2  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
3  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
4  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

        B.      <u>The Complaint</u>

Plaintiff's complaint is nonsensical and does not comply with Rule 8. There is no jurisdictional statement, or statement of relief requested. It is ten-pages long and consists of several caption pages and unusual phrases. The subject matter of the action is unclear because the complaint contains indecipherable phrases such as: "Such a paper, a paper is piling up as big as sky and land and above and beyond and infinite and throw in cullinan diamond chamber until drop as small as rice". ECF No. 1 at 2. Plaintiff further states: "Fight above and beyond and infinite debt." *Id.* at 4. Other phrases include "Restrict versus picky" and "999 Infinite Number." *Id.* at 7.

        C.      <u>Analysis</u>

A complaint is frivolous if it lacks an arguable basis in law or fact. The Court finds the complaint is frivolous. It does not contain any clear factual allegations or set forth any causes of action. Plaintiff has filed at least 25 actions in this Court since 2022. In one recent case, *Chiu v. The President of the U.S.*, 23-cv-00097-DJC-JDP, the action was dismissed at screening with the Court noting the complaint "is largely unintelligible and contains no allegations concerning an identifiable incident." ECF No. 6 at 2. Therein the Court also noted that Plaintiff has filed several other actions "resembling in some ways the instant complaint, and none have survived screening."[1] ECF No. 6 at 3 n.1. This is another nonsensical and undecipherable complaint.

In another recent matter, *Chiu v. Trump, et al.*, 25-cv-00704-DJC-AC, Magistrate Judge Claire found the complaint to be "unintelligible" with "no clearly identifiable incident" underlying it, or causes of action asserted. ECF No. 3 at 3. Therein the Court stated: "The court

---

[1] Some of these other cases include: *Chiu v. Trump*, 22-cv-00764-KJM-AC (E.D. Cal. May 11, 2022) (dismissing complaint without leave to amend); *Chiu v. President of the United States*, 22-cv-00809-TLN-DB (E.D. Cal. Oct. 24, 2022) (dismissing complaint without leave to amend).

3

notes that plaintiff has filed numerous cases in this district against various defendants, each presenting the same kind of nonsensical, lyric-like complaint as this case, and each resulting in an immediate recommendation of dismissal for frivolity." *Id.* at 3 n.1. This is another similar complaint. The Court also notes that Plaintiff was recently declared a vexatious litigant. See *Chiu v. President*, 25-cv-00157-TLN-AC[2].

## II. AMENDING THE COMPLAINT

The Court has considered whether Plaintiff should be granted leave to amend. The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Here, the Court concludes that granting leave to amend would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). Futility of amendment is also supported by the fact that Plaintiff has filed similar actions against the same defendant in which the complaints suffered from similar deficiencies.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's complaint be dismissed without leave to amend and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

---

[2] The instant action was filed the same week as the order declaring Plaintiff a vexatious litigant was entered. This action was not subjected to the pre-filing order. *See* ECF Nos. 5 & 6 in *Chiu v. President*, 25-cv-00157-TLN-AC.

days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: July 25, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE